IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TANEKIA DURHAM

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,
A foreign limited partnership,

      Defendant.

_____/

## NOTICE OF REMOVAL OF DEFENDANT WAL-MART STORES EAST, LP

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, WAL-MART STORES EAST, LP, a foreign limited partnership, ("Walmart"), hereby removes the civil action, Case No. 2021-CA-001000, from the Circuit Court, Fourth Judicial Circuit, Duval County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division.   The removal of this civil action is proper because:

   1.  Walmart is the sole defendant in this civil action filed in the Circuit Court, Fourth Judicial Circuit, Duval County, Florida, Case No.: 2021-CA-001000, on or about February 19, 2021, titled "Tanekia Durham v. Wal-Mart Stores East, LP, (the "State Court Action").

Case No.: 2021-CA-001000
Page 2

2.  Walmart was served with the Summons and Complaint in the State Court Action on February 24, 2021.  This removal petition is therefore timely as it is filed within thirty (30) days after receipt of the Summons and Complaint.  *See* 28 U.S.C. § 1446(b).

3.  Walmart removes this case on the basis of 28 U.S.C. §§ 1332 as there is complete diversity of citizenship among the parties.[1]

4.  Plaintiff, Tanekia Durham, is a resident of Duval County, Florida.

5.  Walmart is a registered Limited Partnership in the State of Delaware and has its principal place of business in Bentonville, Arkansas, for purposes of 28 U.S.C §§ 1332 and 1441. A copy of the foreign filing with the State of Florida Division of Corporations is attached hereto Exhibit "A".

6.  Walmart has been advised that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Specifically, Plaintiff, in her Civil Cover Sheet, filed with the Duval County Clerk of Court at the time of the filing of the State Court Action, indicated that the amount of Plaintiff's claim exceeded $100,000.00. In addition, Plaintiff, in the prayer for relief, requested damages including bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of

the ability to care for his (*sic*) home, his (*sic*) household and his (*sic*) personal needs, and aggravation of any previously existing condition.

7.  Attached hereto as Composite Exhibit "B" and incorporated by reference as part of the Notice of Removal are true and correct copies of the process and pleadings in the State Court Action, including the Civil Cover Sheet referenced in Paragraph 6.  No further proceedings have taken place in the State Court Action.

8.  A copy of this Notice of Removal Exhibit "C" is being served upon Plaintiff's counsel concurrently with the Clerk of the Circuit Court, Fourth Judicial Circuit, Duval County, Florida.

WHEREFORE, Defendant Walmart hereby removes to this Court the State Court Action.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, this 23rd day of March 2021.

LUKS, SANTANIELLO, PETRILLO & COHEN
Attorneys for Defendant
301 W BAY STREET
SUITE 1010
JACKSONVILLE, FL 32202
Telephone:  (904) 791-9191
Facsimile:  (904) 791-9196

Case No.: 2021-CA-001000
Page 4

By: ___*/s/ Jessalea M. Shettle*_____
      TODD T. SPRINGER
      Florida Bar No.: 178410
      Jessalea M. Shettle
      Florida Bar No.:  127614
      LUKSJAX-Pleadings@LS-Law.com

**<u>SERVICE LIST</u>**
Morgan and Morgan, P.A.
Sarah A. Foster. Esq
76 S. Laura Street, Suite 1100
Jacksonville, Florida 32202
sfoster@forthepeople.com
vharrison@forthepeople.com
lcubera@forthepeople.com

**EXHIBIT A**

 **CT Corporation**

**Service of Process
Transmittal**
02/24/2021
CT Log Number 539103958

**TO:** Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** **Process Served in Florida**

**FOR:** Wal-Mart Stores East, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Durham Tanekia, Pltf. vs. Wal-Mart Stores East, LP, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, First Request(s), Notice(s), Interrogatories |
| **COURT/AGENCY:** | Duval County Circuit Court, FL<br>Case # 162021CA001000XXXXMA |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 05/30/2020, 9890 Hutchinson Park Drive, Jacksonville, Duval County, Florida |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/24/2021 at 16:11 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Sarah A. Foster<br>Morgan & Morgan, P.A.<br>76 South Laura Street, Suite 1100<br>Jacksonville, FL 32202<br>904-361-4442 |
| **REMARKS:** | The documents received have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/25/2021, Expected Purge Date: 03/02/2021<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s)

 **CT Corporation**

**Service of Process Transmittal**
02/24/2021
CT Log Number 539103958

**TO:**   Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:**   **Process Served in Florida**

**FOR:**   Wal-Mart Stores East, LP  (Domestic State: DE)

of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / EC


Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**          Wed, Feb 24, 2021

**Server Name:**   Drop Service

| | |
|---|---|
| Entity Served | WAL-MART STORES EAST, LP |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 162021CA001000XXXXMADIVCVC |
| Jurisdiction | FL |



Filing # 121627871 E-Filed 02/19/2021 10:49:13 AM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

TANEKIA DURHAM,

     Plaintiff,

vs.

WAL-MART STORES EAST, LP,

     Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

     YOU ARE HEREBY COMMANDED to serve this Summons, a copy of the Complaint,
Plaintiff's Notice of Service of Interrogatories to Defendant, Plaintiff's Interrogatories to
Defendant, Plaintiff's Request for Production to Defendant, and Plaintiff's Request for Admissions
to Defendant in the above-styled cause upon the Defendant:

**WAL-MART STORES EAST, LP**
**C/O ITS REGISTERED AGENT, C T CORPORATION SYSTEM**
**1200 SOUTH PINE ISLAND ROAD**
**PLANTATION, FL 33324**

     Each Defendant is hereby required to serve written defenses to said Complaint or Petition
on Plaintiff's attorney: **Sarah A. Foster, Esquire, Morgan & Morgan, P.A., 76 South Laura
Street, Suite 1100, Jacksonville, Florida 32202, Telephone: (904) 361-4442; Email:
sarahfoster@forthepeople.com** within twenty (20) days after service of this Summons upon you,
exclusive of the day of service, and to file the original of said written defenses with the Clerk of
said Court either before service on Plaintiff's attorney or immediately thereafter.  If you fail to do
so, a default will be entered against you for the relief demanded in the Complaint or Petition.

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904) 255-1695 or CRTINTRP@coj.net at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS my hand and the seal of this Court on _____ **Feb 19 2021** _____.

**JODY PHILLIPS**
Clerk of the Circuit Court

By_____
As Deputy Clerk

2

### IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

### IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

### IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**SARAH A. FOSTER, ESQUIRE**
**MORGAN & MORGAN, P.A.**
**76 SOUTH LAURA STREET, SUITE 1100**
**JACKSONVILLE, FL 32202**

Filing # 121627871 E-Filed 02/19/2021 10:49:13 AM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

TANEKIA DURHAM,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,

      Defendant.

_____ /

## COMPLAINT

Plaintiff, TANEKIA DURHAM, hereby sues Defendant, WAL-MART STORES EAST,

LP (hereinafter "WAL-MART"), and alleges:

1.      This is an action for damages that exceeds the sum of THIRTY THOUSAND

DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees.

2.      At all times material hereto, including May 30, 2020, Plaintiff, TANEKIA

DURHAM, was, and remains, a resident of Clay County, Florida.

3.      At all times material hereto, including May 30, 2020, Defendant, WAL-MART,

was, and remains, a foreign profit:

      a)  operating, conducting, engaging in or carrying on a business or business

           venture in this State or having an office or agency in this state; and/or

      b)  engaged in substantial and not isolated activity within this state.

4.      At all times material hereto, including May 30, 2020, Defendant, WAL-MART,

owned and/or controlled a retractable metal "dock door" located in the loading dock area of the

store, which was free standing on the property located at 9890 Hutchinson Park Drive,

Jacksonville, Duval County, Florida.

5.     At all times material hereto, including May 30, 2020, Defendant, WAL-MART, as the owner of the subject retractable metal dock door located in the loading dock area of the store, had a duty to use reasonable care in the use of said door.

6.     At all times material hereto, including May 30, 2020, Plaintiff, TANEKIA DURHAM, was a business invitee lawfully on the subject property.

7.     At the above time and place, Plaintiff, TANEKIA DURHAM, was attempting to unlock her own trailer door when the negligence of Defendant, WAL-MART's employees caused the subject retractable metal dock door to fall down onto her person.

8.     At all times material hereto, including May 30, 2020, Defendant, WAL-MART, breached its duty owed to Plaintiff, TANEKIA DURHAM , by committing one or more of the following omissions or commissions:

a)     Negligently failing to maintain or adequately maintain the subject dock door on or prior to May 30, 2020 which allowed the subject dock door to fall into a condition of disrepair thereby allowing and/or causing the subject dock door to collapse onto Plaintiff, TANEKIA DURHAM, on or about May 30, 2020, thereby causing the Plaintiff, TANEKIA DURHAM , to sustain serious injuries;

b)     Negligently failing to inspect or adequately inspect the subject dock door on or prior to May 30, 2020 to ascertain that the subject dock door had fallen into a condition of disrepair, which allowed and/or caused the metal lift gate of the subject dock door to break and collapse on May 30, 2020, thereby causing the Plaintiff, TANEKIA DURHAM , to sustain serious injuries;

c)     Negligently failing to warn or adequately warn the Plaintiff of the danger of the subject dock door on or prior to May 30, 2020, such that she was unable to ascertain the danger of the subject dock door and/or protect herself from the subject dock door when it collapsed onto her on May 30, 2020, thereby causing the Plaintiff, TANEKIA DURHAM, to sustain serious injuries;

d)     Negligently failing to train or adequately train its employees on the safe use of the subject dock door such that the negligent acts of said employees caused the subject dock door to collapse onto Plaintiff, TANEKIA DURHAM, and cause her to sustain serious injuries; and/or

e)     Negligently failing to correct or adequately correct, prior to May 30, 2020, the unreasonably dangerous condition of the subject dock door, which allowed and/or caused the subject dock door to collapse onto Plaintiff, TANEKIA DURHAM, on May 30, 2020, while being operated by Defendant, WAL-MART's employees, thereby causing the Plaintiff, TANEKIA DURHAM , to sustain serious injuries.

2

14.     Consequently, on May 30, 2020, at the place specified above, Plaintiff, TANEKIA DURHAM , was attempting to unlock her own trailer door when the negligence of Defendant, WAL-MART's employees caused the subject retractable metal dock door to fall down onto her person.

15.     As a result of the above-described negligence, the Plaintiff, TANEKIA DURHAM, suffered bodily injury and resulting suffering, pain, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of the ability to care for his home, his household and his personal needs, and aggravation of any previously existing condition.  The losses are either permanent or continuing, and the Plaintiff, TANEKIA DURHAM, will suffer the losses in the future.

**WHEREFORE,** Plaintiff, TANEKIA DURHAM, demands judgment against Defendant, WAL-MART, for damages, costs of this action, interest, and such other and further relief as this Court may deem meet and just.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 18th day of February, 2021.

**MORGAN & MORGAN, P.A.**

*/s/ Sarah A. Foster*
**SARAH A. FOSTER, ESQUIRE**
FL Bar No.: 0115462
76 South Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904) 361-4442
Facsimile: (904) 361-7242
Primary: sarahfoster@forthepeople.com
Secondary: vharrison@forthepeople.com
Secondary: lcubera@forthepeople.com
*Attorney for Plaintiff*

3

Filing # 121627871 E-Filed 02/19/2021 10:49:13 AM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

TANEKIA DURHAM,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,

      Defendant.

_____/

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

COMES NOW the Plaintiff, **TANEKIA DURHAM**, by and through her undersigned counsel, and pursuant to Florida Rules of Civil Procedure 1.370, and hereby requests that Defendant, **WAL-MART STORES EAST, LP**, respond the following within forty-five (45) days from the date of service hereof:

1. Admit that the subject incident occurred in an area visible by Defendant's in-store cameras.

2. Admit that the subject incident was captured on Defendant's cameras.

3. Admit that video of the subject incident exists.

4. Admit that video of the subject incident existed but no longer exists.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Defendant, together with the Summons and Complaint.

DATED: February 18, 2021

**MORGAN & MORGAN, P.A.**

*/s/ Sarah A. Foster*

**SARAH A. FOSTER, ESQUIRE**
FL Bar No.: 0115462
76 South Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904) 361-4442
Facsimile: (904) 361-7242
Primary: sarahfoster@forthepeople.com
Secondary: vharrison@forthepeople.com
Secondary: lcubera@forthepeople.com
*Attorney for Plaintiff*

2

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

TANEKIA DURHAM,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,

      Defendant.

_____ /

## **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT**

      PURSUANT TO Rule 1.350, Florida Rules of Civil Procedure, Plaintiff, TANEKIA

DURHAM, by and through her undersigned counsel, requests that Defendant, WAL-MART

STORES EAST, LP, produce for inspection and/or copying the documents set forth below.

Defendant shall produce these documents at Morgan & Morgan, 76 South Laura Street, Suite 1100,

Jacksonville, Florida 32202 within forty-five (45) days after service of this Request to Produce.

### *I. Definitions*

      A.    As used throughout this Request to Produce, the following terms are defined as

follows:

      B.    "Document" is used in the broad sense and means any tangible object or thing that

contains, conveys, or records information. Production is required of the <u>original</u>, or any copy if the

original is not available, of any book, record, minutes of meetings, reports and/or summaries of

interviews, reports and/or summaries of investigations; opinions or reports of consultants; opinions

of counsel; communications of any nature, including internal company communications,

memoranda, telegrams, telexes, letters, notes of telephone conferences, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts and revisions of drafts of documents, any written, printed, typed or other graphic matter of any kind or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

C.   "Document" also includes copies containing information <u>in addition to that contained on the original</u> (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

D.   If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

E.   "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

2

F.      "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and predecessors as well as all of its directors, officers, principals, partners, employees, agents, representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

G.      "Statement" means (1) any written statement made any a person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

H.      As may be used in these Request "and" is conjunctive (meaning, e.g., A and B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

I.      As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin of products or services. References to 'products" or "goods" shall be considered to include services.

## II. Claim of Privilege

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1.      Description sufficient to identify.

2.      The date(s).

3.      The subject matter(s).

4.    The sender(s) or author(s).

5.    The recipient(s).

6.    The persons to whom copies were furnished, together with their job titles.

7.    The present depository or person having custody of the document.

8.    The nature and basis of privilege or immunity claimed.

9.    The paragraph(s) of this request to which each such document or statement

relates or corresponds.

### III.  Grouping or Numbering of Items Produced

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

### IV.  Place, time, and manner of response.

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce, and shall be made at the offices of Morgan & Morgan, P.A., 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202, or at such other place as the parties may agree. Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

4

## DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:

1.      All statements made by any witnesses to the subject incident.

2.      All statements made by the Plaintiff pertaining to or concerning the subject incident.

3.      All photographs of the Plaintiff depicting injuries received in the subject incident.

4.      A copy of any and all insurance agreements, insurance policies or agreements of any kind or nature under which any person or company carrying on an insurance business may be liable to satisfy part of all of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

5.      All photographs of the incident scene and surrounding areas.

6.      Any surveillance video and/or pictures of the Plaintiff taken during or following the subject incident.

7.      All video depicting the loading dock area in the twelve (12) hours before and after the subject incident.

8.      Any written documents received by the Defendant prior to the date of this incident relating to or discussing the condition complained of.

9.      Copies of all invoices, repair orders or work orders relating to the loading dock within the subject store for the twelve (12) months preceding the date of this incident and for the twelve (12) month period following the date of this incident.

10.     Copies of all invoices, repair orders or work orders relating to the loading dock within the subject store for the (36) months preceding the date of this incident and for the twelve (12) month period following the date of this incident.

11.     A copy of policies and procedures pertaining to safety on the loading dock in effect at the time of the subject incident.

12.     Any other training documents policies and procedures pertaining to safety on the loading dock in effect at the time of the subject incident.

13.     Any and all agreements, contracts, or other documents reflecting which entity was responsible for the maintenance of the subject property at the time of the incident and/or who had control and/or ownership of the property at the time of the accident.

14.     A copy of any incident reports regarding any personal injury or workers compensation incident occurring at the loading dock of the subject store for the three (3) years prior to the incident.

15.     Any and all medical records of Plaintiff, obtained from Defendant, in any manner and/or from any source.

16.     Any and all lease agreements related to the property at issue.

17.     Any and all warnings, whether written or otherwise, received prior to or after the incident at issue related to the condition at issue.

18.     Please produce any and all medical records of the Plaintiff and identify from where and when the records were obtained.

19.     Time clock details for all persons working on the subject loading dock within twelve hours before and after the subject incident.  If said persons did not punch in/out during the subject time, please provide the person's name and job title.

20.     Any and all sign in/out sheets or other logs applicable to product delivery for the twelve hours before and after the subject incident.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Defendant, together with the Summons and Complaint.

DATED: February 18, 2021

MORGAN & MORGAN, P.A.

*/s/ Sarah A. Foster*
**SARAH A. FOSTER, ESQUIRE**
FL Bar No.: 0115462
76 South Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904) 361-4442
Facsimile: (904) 361-7242
Primary: sarahfoster@forthepeople.com
Secondary: vharrison@forthepeople.com
Secondary: lcubera@forthepeople.com
*Attorney for Plaintiff*

Filing # 121627871 E-Filed 02/19/2021 10:49:13 AM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

TANEKIA DURHAM,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,

      Defendant.

_____/

### PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT

COMES NOW the Plaintiff, **TANEKIA DURHAM,** by and through her undersigned counsel, and hereby propounds upon Defendant, **WAL-MART STORES EAST, LP,** pursuant to Rule 1.340, Florida Rules of Civil Procedure, the attached interrogatories, numbered one (1) through twenty-five (25), answers to which will be due within forty-five (45) days from the date of service.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Defendant, together with the Summons and Complaint.

DATED: February 18, 2021

**MORGAN & MORGAN, P.A.**

*/s/ Sarah A. Foster*
**SARAH A. FOSTER, ESQUIRE**
FL Bar No.: 0115462
76 South Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904) 361-4442
Facsimile: (904) 361-7242
Primary: sarahfoster@forthepeople.com
Secondary: vharrison@forthepeople.com
Secondary: lcubera@forthepeople.com
*Attorney for Plaintiff*

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

TANEKIA DURHAM,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,

      Defendant.

_____ /

### PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT

COMES NOW the Plaintiff, **TANEKIA DURHAM,** by and through her undersigned counsel, and hereby propounds upon Defendant, **WAL-MART STORES EAST, LP,** pursuant to Rule 1.340, Florida Rules of Civil Procedure, the attached interrogatories, numbered one (1) through twenty-five (25), answers to which will be due within forty-five (45) days from the date of service.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Defendant, together with the Summons and Complaint.

DATED: February 18, 2021

                **MORGAN & MORGAN, P.A.**

                */s/ Sarah A. Foster*
                **SARAH A. FOSTER, ESQUIRE**
                FL Bar No.: 0115462
                76 South Laura Street, Suite 1100
                Jacksonville, Florida 32202
                Telephone: (904) 361-4442
                Facsimile: (904) 361-7242
                Primary: sarahfoster@forthepeople.com
                Secondary: vharrison@forthepeople.com
                Secondary: lcubera@forthepeople.com
                *Attorney for Plaintiff*

## DEFINITIONS AND INSTRUCTIONS

1.      For the purposes of these interrogatories, "you," "your," and "Defendant" means **WAL-MART STORES EAST, LP.**

2.      As used in these interrogatories, "document" or "documents" means the original and all copies of the original which differ in any respect from the original (whether by interlineation, draft copy, notations written thereon, indication of copies sent or received or to whom routed, or otherwise) of any letter, correspondence, pamphlet, memorandum, handwritten note, work paper, video, photograph, microfilm, report, contract, chart, paper, drawing and any other written, recorded or transcribed matter of any description, however produced or reproduced, and all supplements and amendments thereto.

3.      As used in these interrogatories, "identify all documents" means: (a) describe the documents by generic type (e.g., invoice, debit memo) and also specifically (e.g., name of the document, number of pages, summary of its substance); (b) state any identification number on each document; (c) state where each document is currently kept and where it has been kept since its creation; and (d) state the name, address, phone number, date of birth, social security number of the present custodian, all past custodians, and the dates during which each custodian had custody of each document. Please follow procedures (a)-(d) for each document which originated with DEFENDANT, or anyone else who generated documents relevant to this litigation and responsive to these interrogatories.

4.      You have the burden of proving any objection that you make to an interrogatory.

5.      If you claim that a privilege (attorney-client, work product, trade secret, etc.) prevents you from answering an interrogatory or identifying a document, please state the nature of the privilege and the grounds for its assertion. In addition, if you claim that a privilege prevents the production of a document, identify the document as described in Paragraph 3 and all persons, whether natural or artificial, who received or reviewed the document.

6.      If you fail to answer an interrogatory on the grounds that an interrogatory is unduly burdensome or will cause you great expense, please explain why and supply as much information as you can that is not unduly burdensome or too expensive to obtain.

7.      If you fail to answer an interrogatory on the grounds that an interrogatory is not calculated to lead to admissible evidence, please explain why you believe it does not meet this broad standard.

8.      If you fail to answer an interrogatory on any other grounds, please explain why.

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT

1. State the full name, address, occupation and employer of any and all persons who answer these Interrogatories or who have provided information used in compiling the answers to these Interrogatories.

2. Is the name of the Defendant correctly stated in the Complaint? If not, please state the correct name and if applicable all name changes from the date of the alleged incident to the present.

3. State the correct corporate name for the owners and operators of the subject business location on the date of the incident alleged in the Complaint.

4. Are the date and place of the alleged incident correctly stated in the Complaint? If not, please state the date, time and place of this alleged incident believed or known by you, your agents or attorneys to be correct.

5. Please state whether any incident report was prepared by your employees in response to the incident giving rise to this action, and if there was one, please list the name, address and occupation of the current custodian of said incident report.

3

6. State the full name, address, occupation and employer of any and all persons who have investigated this incident for or on behalf of your, your attorneys, agents, insurance carrier, etc.

7. State the full name, address, occupation and employer of any and all persons known to have any information concerning the incident alleged in the Complaint in this action.

8. State the full name, address, occupation and employer of all persons contacted by any investigators in their investigation of this incident.

9. State the name, address, employer and telephone numbers of any and all persons known to you or to anyone acting on your behalf, who heard or saw or claims to have heard or seen any of the events or happenings that occurred immediately before, at the time of, or immediately after this incident.

10. Have you, your agents, investigators, attorneys or anyone acting on your behalf, obtained any kind of written, recorded, or other type of statement from the Plaintiff or any persons described in your previous Interrogatory answers?  If so, please identify each statement by date, identity of person giving statement and name of current custodian of each statement.

4

11. Based on your knowledge at this time, describe in detail how the alleged incident happened, including all actions taken by the Defendant to prevent the incident.

12. State the frequency and dates of inspections of the subject dock door for the 1 day prior to the incident and the 24-hour period after this incident, which is the subject matter of this litigation.  State the name, address and job title of the person who made the last inspection prior to the incident.

13. Did any person inspect the subject dock door within 24 hours prior to the alleged incident? If so, please state the name and address of each person performing said inspection, the times or frequencies of said inspection(s), and whether or not said inspection(s) revealed any defect or condition to be present.

14. Did any person inspect the subject dock door within 24 hours after the alleged incident? If so, please state the name and address of each person inspecting said area, the time and date of each inspection, and the employment capacity of each person, if any.

15. State whether you have within your possession or control photographs, plates, diagrams of the incident scene or objects connected with said incident.  Describe any and all such items.

16. Please state whether or not you have experienced any other similar incidents at the subject location within three (3) years prior to the date of incident.

17. If your answer to question 16 is yes, please list the name, address and occupation and telephone number for each and every individual involved in said incidents and describe the status of the individual (i.e., person falling, eye witnesses, etc.)

18. Please state the name, address and telephone number for those individuals responsible for maintaining the premises involved in this action on the date of the incident in question.

19. Please give the name, address, and occupation of the person with your company who would have the most details concerning the loading dock procedures utilized by your company on the premises involved in this action on the date of the incident in question.

20. If you contend that Plaintiff acted in such a manner as to cause or contribute to the incident, give a concise statement of the facts upon which you rely.

21. Does the Defendant or its attorneys intend to call any non-medical expert witnesses at the trial of this case?  If so, please state the name and address of each witness, their qualifications as an expert, the subject matter upon which they are expected to testify, and the substance of the facts and opinions to which each expert is expected to testify and a summary of the grounds for each opinion.

22. State whether there is liability insurance covering the Defendant(s) for this incident.  If yes, identify the insurance carrier, policy number and applicable limits of liability.

23. How long does in-store video of the subject loading dock remain in Wal-Mart's possession prior to any automated deletion.

24. How long does the in-store video of the area of incident last until it is overridden or deleted without any human alteration, preservation, or modification.

25. How many of Defendant's in-store cameras were capable of capturing the area of incident in the twelve hours before and after the incident.

## <u>VERIFICATION PAGE</u>

_____

Signature on behalf of Defendant,
**WAL-MART STORES EAST, LP**

_____

Print Name

_____

Title

STATE OF _____
COUNTY OF _____

    **BEFORE ME**, the undersigned authority, duly licensed to administer oaths and take acknowledgments, personally appeared _____ ____ __ _____ as _____ of Defendant, **WAL-MART STORES EAST, LP**, being first duly sworn, deposes and says that he/she read the Answers to the foregoing Interrogatories, and that they are true and correct to the best of his/her knowledge.

    **SWORN TO AND SUBSCRIBED** before me, on this _____ day of

_____, 2021.

_____

Notary Public (signature)

_____

Notary Public (type, print stamp commission)

My Commission Expires: _____

❑  Personally Known OR
❑  Produced Identification
❑  Type of Identification Produced: _____

8

**EXHIBIT B**

Filing # 121627871 E-Filed 02/18/2021 12:01:06 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.   CASE STYLE

IN THE CIRCUIT COURT OF THE <u>FOURTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>DUVAL</u>   COUNTY, FLORIDA

<u>Tanekia Durham</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>Walmart Stores East LP</u>
Defendant

---

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 02/19/2021 10:57:35 AM

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.     NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  1

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.     IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: _s/ Sarah Allen Foster_        Fla. Bar # _115462_
      Attorney or party            (Bar # if attorney)

_Sarah Allen Foster_          _02/19/2021_
  (type or print name)         Date

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY, FLORIDA

CASE NO.:  162021CA001000XXXXMA

TANEKIA DURHAM,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,

      Defendant.

_____ **/**

## DEFENDANT'S ANSWER,
## AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL
## <u>TO PLAINTIFF'S ORIGINAL COMPLAINT</u>

Defendant, WAL-MART STORES EAST, LP, by and through undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.110, hereby serves Defendant's Answer, Affirmative Defenses, and Demand for Jury Trial to Plaintiff's Original Complaint, as follows:

### <u>COMPLAINT</u>
### <u>Plaintiff, TANEKIA DURHAM, hereby sues Defendant, WAL-MART STORES EAST,</u>

1.      Admitted, at this time, for jurisdictional purposes only. Denied as to any remaining allegations.

2.      Unknown, therefore denied.

3.      Admitted, at this time, for jurisdictional and venue purposes only. Denied as to any remaining allegations.

4.      Admitted that the Defendant owned a retractable "metal door" in the loading dock area of the store, but denied that the door was free standing.

5.      Denied, as phrased.

6.      Denied.

7.      Denied.

8.      Defendant denies the allegations in Paragraph 8, including all subparagraphs, and demands strict proof thereof.

14.      Denied.

15.      Denied.

## **AFFIRMATIVE DEFENSES**

1.      The Complaint fails to state a cause of action as it does not specifically state ultimate facts as to the alleged dangerous condition or knowledge thereof on the part of this Defendant.

2.      The Plaintiff was guilty of negligence, which negligence was the sole and legal cause of the accident described in the Complaint, thereby barring all claims, or in the alternative, such negligence contributed to the accident and alleged damages, thus requiring an apportionment of Plaintiff's damages according to Plaintiff's degree of fault. Furthermore, to the extent Plaintiff was under the influence of any alcoholic beverage or

drug and was more than 50% at fault for Plaintiff's own harm, Plaintiff's claim would be barred by Section 768.36, Florida Statutes.

3.      There were sufficient intervening and superseding causes, including the negligence of other persons, parties or entities, to which this Defendant had no control. In accordance with Section 768.81, Florida Statutes, the Defendant is entitled to an apportionment of fault and an apportionment of damages, as the Doctrine of Joint and Several Liability has been abolished.

4.      Plaintiff has received, or is entitled to receive, payments from collateral sources as identified by Section 768.76, Florida Statutes.  To the extent that subrogation rights do not exist or have been waived, the Defendant is entitled to a set-off for any collateral sources paid to or on behalf of the Plaintiff and/or as allowed by Section 768.041, Florida Statutes.

5.      The accident in question and damages alleged were proximately caused by the negligence of other persons and/or entities not subject to this Defendant's control. In accordance with Section 768.81, Florida Statutes, the Defendant is entitled to an apportionment of fault and an apportionment of damages under the modification of the Doctrine of Joint and Several Liability.

6.      Plaintiff failed to mitigate or minimize Plaintiff's damages, if any.

7.      The Defendant is entitled to a set-off of all sums or money, settlement, judgment or otherwise received by the Plaintiff from any other party or non-party to this action.

8.      The cause of any damages to Plaintiff was open and obvious and Plaintiff expressly assumed the ordinary risk incident to this.   The accident and damages complained of by Plaintiff in this Complaint was due to the ordinary risk expressly assumed by the Plaintiff.

9.      The Plaintiff voluntarily used the subject premises knowing of the risks, if any, incidental to use and therefore assumed all ordinary risks.

10.     Plaintiff failed to take ordinary and reasonable care in conducting themselves on the premises.  Specifically, Plaintiff is a truck driver who has utilized the type and style of rolling door on multiple occasions prior to this alleged incident. The Plaintiff had a duty to act reasonably and ensure the door was fully, properly lifted prior to entering the area underneath the door. Plaintiff's failure to use all ordinary care and reasonable care was the direct and proximate cause of Plaintiff's damages.

11.     This Defendant did not create, and had insufficient notice regarding the problems complained of by Plaintiff.  Any and all conditions complained of by Plaintiff existed for such a short period of time that there was no notice to this Defendant so that corrective action could be taken.  Defendant further avails itself of all defenses and burdens required of Plaintiff pursuant to Section 768.0755, Florida Statutes (July 1, 2010).

12.     If discovery reveals that at the time and place of the accident complained of Plaintiff was either a trespasser or an uninvited licensee, then Defendant would not owe Plaintiff the duty or duties alleged in the Complaint.  Furthermore, Defendant is entitled to all defenses and immunities provided for in Section 768.075, Florida Statutes, relating to trespassers under the influence, or discovered, or committing acts.

13.     At the time and place complained of, person or persons not operating under the control and consent of this Defendant so carelessly and negligently conducted themselves so as to cause the alleged accident, injuries and damages, and such negligence was the sole and proximate cause of the accident, thus barring all claims for damages against the Defendant.

14.     The Plaintiff's damages were caused by third parties not party to this litigation and this Defendant is entitled to have its liability reduced on a pro rata basis for the negligence of any and all persons not parties to this litigation.

15.     Any disability, disfigurement or injury claims alleged by Plaintiff, are a result of a pre-existing condition or were caused by a subsequent injury or injuries and were not caused or aggravated by any alleged acts of negligence of third parties.

16.     Defendant avails itself of all statutory defenses and burdens of proof required by Florida law, FAC or Federal law, including but not limited to Chapters 324, 768 and 627, Florida Statutes.

17.     Plaintiff has failed to mitigate damages because: the medical bills are not reasonable and/or necessary; the billing is excessive; the treatment and/or billing was not casually related to the accident; the medical providers have engaged in conduct (excessive billing or treatment) which was not reasonably foreseeable; Plaintiff had health insurance and treated under a Letter of Protection, which is void against public policy, and Defendant is entitled to a write-down or setoff pursuant to Section 641.3154, Florida Statutes and *Marion v. Orlando*, 2009 W.L. 7582985 (Fla. Cir. Ct. 2009). If Plaintiff is a Medicare beneficiary, then Defendant is entitled to a write-down or setoff under the Medicare fee schedule.

18.     Defendant asserts that the Plaintiff's past and future damages are reduced or offset by the amount of any governmental or charitable benefits available and further, that the Defendant is entitled to an offset by any and all payments which have been made or will be made to the Plaintiff as a result of the injuries alleged in the Complaint.

19.     Defendant asserts that it is entitled to a set off of any contractual discount of medical bills or expenses, negotiated write off of medical bills or expenses or negotiated agreement to pay medical bills or other expenses in the future pursuant to the law of collateral source setoffs and Goble v. Frohman, 901 So.2d 830 (Fla. 2005). Alternatively, Plaintiff is not entitled to claim bills, costs or expenses incurred but waived or not actually incurred by the Plaintiff.

20.    The collateral source rule is no longer applicable, because the Patient Protection and Affordable Care Act mandates that all persons obtain health insurance. Therefore, evidence relating to collateral source benefits received in the past and available in the future to Plaintiff's statutory survivors is admissible and such collateral source benefits shall offset and reduce any past or future economic damages awarded.

21.    To the extent that the Plaintiff failed to comply with the mandate of the Patient Protection and Affordable Care Act to obtain health insurance, Plaintiff has failed to mitigate its damages and Plaintiff's recovery must be reduced by the amount attributable to such failure.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all issues so triable.

**WHEREFORE**, Plaintiff should take nothing by this action and Defendant should go hence without day.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record listed on the attached Service List, this 16th day of March, 2021.

LUKS, SANTANIELLO,
PETRILLO & COHEN
Attorneys for Defendant
301 W Bay Street,  #1050
Jacksonville, FL, 32202
Telephone: (904) 791-9191
Fax: (904) 791-9196


By:____s/ Jessalea M. Shettle_____
   TODD SPRINGER
   Florida Bar No.: 178410
   JESSALEA M. SHETTLE
   Florida Bar No.: 127614
   LUKSJAX-Pleadings@LS-Law.com

**SERVICE LIST**

Morgan and Morgan, P.A.
Sarah A. Foster. Esq
76 S. Laura Street, Suite 1100
Jacksonville, Florida 32202
sfoster@forthepeople.com
vharrison@forthepeople.com
lcubera@forthepeople.com

IN THE CIRCUIT COURT, FOURTH JUDICIAL
CIRCUIT, IN AND FOR DUVAL COUNTY,
FLORIDA

CASE NO.:  2021-CA-001000

TANEKIA DURHAM,

     Plaintiff(s),

v.

WAL-MART STORES EAST, LP,

     Defendant(s).

_____/.

## <u>NOTICE OF DESIGNATION OF E-MAIL ADDRESSES</u>

     Defendant, WAL-MART STORES EAST, LP, by and through the undersigned

counsel, hereby files this Notice of Designation of E-mail Addresses pursuant to Fla. R.

Jud. Admin. 2.516, and notify all parties that the following e-mail address is the

designated e-mail address for service of all pleadings or other documents required to

be served in this matter.

LUKSJAX-Pleadings@LS-Law.com

**\*\*THIS EMAIL ADDRESS IS FOR THE SERVICES OF COURT DOCUMENTS <u>ONLY</u>.  ALL OTHER COMMUNICATIONS SHOULD BE DIRECTED TO THE ATTORNEY OF RECORD.\*\***

Case No.: 2021-CA-001000
Page 2

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnished via Electronic Mail, to all counsel of record on the attached Service List, this

2nd day of March, 2021.

> LUKS, SANTANIELLO, PETRILLO & COHEN
> Attorneys for Defendant
> 301 W BAY STREET
> SUITE 1010
> JACKSONVILLE, FL 32202
> Telephone:  (904) 791-9191
> Facsimile:  (904) 791-9196
>
>
> By:____/s/ *Jessalea M. Shettle*_____
> TODD T. SPRINGER
> Florida Bar No.: 178410
> Jessalea M. Shettle
> Florida Bar No.:  127614
> LUKSJAX-Pleadings@LS-Law.com

## SERVICE LIST

Morgan and Morgan, P.A.
Sarah A. Foster, Esq.
76 South Laura Street, Suite 1100
Jacksonville, Florida 32202
sfoster@forthepeople.com
lcubera@forthepeople.com
vharrison@forthepeople.com

IN THE CIRCUIT COURT, FOURTH JUDICIAL
CIRCUIT, IN AND FOR DUVAL COUNTY,
FLORIDA

CASE NO.:  2021-CA-001000

TANEKIA DURHAM,

      Plaintiff(s),

vs.

WAL-MART STORES EAST, LP,

      Defendant(s).

_____/

## NOTICE OF APPEARANCE

    The Law Firm of LUKS, SANTANIELLO, PETRILLO & COHEN, hereby files its Notice of Appearance as Counsel for Defendants, , herein and requests service of all pleadings, notices and other papers in this matter.

## CERTIFICATE OF SERVICE

    WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, this 2nd day of March, 2021.

                      LUKS, SANTANIELLO, PETRILLO & COHEN
                      Attorneys for Defendant
                      301 W BAY STREET
                      SUITE 1010
                      JACKSONVILLE, FL 32202
                      Telephone:  (904) 791-9191
                      Facsimile:  (904) 791-9196

Case No.: 2021-CA-001000
Page 2

By: ___/s/ *Jessalea M. Shettle*_____
TODD T. SPRINGER
Florida Bar No.: 178410
Jessalea M. Shettle
Florida Bar No.:  127614
LUKSJAX-Pleadings@LS-Law.com

**SERVICE LIST**

Morgan and Morgan, P.A.
Sarah A. Foster, Esq.
76 South Laura Street, Suite 1100
Jacksonville, Florida 32202
sfoster@forthepeople.com
lcubera@forthepeople.com
vharrison@forthepeople.com



# COMPREHENSIVE CASE INFORMATION SYSTEM

### Jody Phillips, Clerk of the Circuit Court

**DUVAL COUNTY**   

eportaluser

Expand All

| Case Number | Filed Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|
| 162021CA001000XXXXMA [162021CA001000XXXXMA] | 02/18/2021 | DUVAL | | OPEN | No | Yes |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 02/18/2021 | Other Negligence-Premises Liability-Commercial | NO | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| DEES, ROBERT MICHAEL | JUDGE | | |
| Springer, Todd T | ATTORNEY | | |
| Foster, Sarah A | ATTORNEY | | |
| DURHAM, TANEKIA | PLAINTIFF | FOSTER, SARAH ALLEN | 115462 |
| WALMART STORES EAST LP | DEFENDANT | SPRINGER, TODD TELLSON | 178410 |

## Dockets

Page : 1    ALL ∨

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 13 | 03/16/2021 | ANSWER AND AFFIRMATIVE DEFENSES TO PLTF; TO PLTF | 8 |
| | 12 | 03/11/2021 | SUMMONS RETURNED INDICATING SERVICE WAL-MART STORES EAST,LP C/O ITS R.A. ON FEBRUARY 24 2021 @ 03;00 PM; WAL-MART STORES EAST,LP C/O ITS R.A. ON FEBRUARY 24 2021 @ 03;00 PM | 4 |
| | 11 | 03/02/2021 | NOTICE OF DESIGNATING PRIMARY EMAIL ADDRESS FOR THE SERVICE OF PLEADINGS AND PAPERS --DEFT'S AND ATTY; --DEFT'S AND ATTY | 2 |
| | 10 | 03/02/2021 | NOTICE OF APPEARANCE OF COUNSEL TODD SPRINGER FOR WALMART STORES EAST LP; 178410; Todd Springer for WALMART STORES EAST LP | 2 |
| | 9 | 02/19/2021 | DEMAND FOR JURY TRIAL | |
| | 8 | 02/19/2021 | CASE FEES PAID: $411.00 ON RECEIPT NUMBER 3815026; CASE FEES PAID: $411.00 ON RECEIPT NUMBER 3815026 | 1 |
| | 7 | 02/19/2021 | REQUEST FOR ADMISSIONS (PLTF'S FIRST) TO DEFT; (PLTF'S FIRST) TO DEFT | 2 |
| | 6 | 02/19/2021 | REQUEST TO PRODUCE (PLTF'S FIRST) TO DEFT; (PLTF'S FIRST) TO DEFT | 6 |
| | 5 | 02/19/2021 | NOTICE OF SERVICE OF INTERROGATORIES (PLTF'S) TO DEFT; (PLTF'S) TO DEFT | 1 |
| | 4 | 02/19/2021 | SUMMONS ISSUED TO WAL-MART STORES EAST LP; TO WAL-MART STORES EAST LP | 3 |
| | 3 | 02/19/2021 | COMPLAINT | 3 |
| | 2 | 02/18/2021 | COVER SHEET | 3 |
| | 1 | 02/18/2021 | OTHER NEGLIGENCE-PREMISES LIABILITY-COMMERCIAL; Other Negligence-Premises Liability-Commercial | |

## Judge Assignment History

## Court Events

## Financial Summary

## Reopen History

# RETURN OF SERVICE

| State of Florida | County of Duval | Circuit Court |
|---|---|---|

Case Number: 16-2021-CA-001000-XXXX-MA

Plaintiff:
**TANEKIA DURHAM**

vs.

Defendant:
**WAL-MART STORES EAST, LP**



LDK2021004939

For:
Sarah A. Foster, Esquire
Morgan & Morgan, P.A.*
76 South Laura Street
Suite 1100
Jacksonville, FL 32202

Received by Sandra M. Quinones on the 23rd day of February, 2021 at 10:47 am to be served on **WAL-MART STORES EAST, LP C/O ITS REGISTERED AGENT,, CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.**

I, Sandra M. Quinones, do hereby affirm that on the **24th day of February, 2021** at **3:00 pm, I:**

**Served** the within named corporation by delivering a true copy of the **SUMMONS, COMPLAINT, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT, PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT and PLAINTIFF'S INTERROGATORIES TO DEFENDANT** with the date and hour of service endorsed thereon by me to **Donna Moch** as **Senior Corp Ops Manager** of CT Corporation System at **1200 South Pine Island Road, Plantation, FL 33324** who is the **Registered Agent** of the within named corporation, after informing said person of the contents of the matter thereof in compliance with FL State Statutes 48.091.

**Description** of Person Served: Age: 50+, Sex: F, Race/Skin Color: White, Height: 5'5, Weight: 155, Hair: Brn, Glasses: N

I certify that I am a Special Process Server over the age of eighteen, appointed by the Sheriff's Office in the County in which it was served, that I am in good standing and have no interest in the above action. Under penalties of perjury, I declare that I have read the forgoing Verified return of service and the facts stated in it are true and correct. Pursuant to F.S. 92.525(2), Notary not required. Date: _____ FEB 2 5 2021

_____
**Sandra M. Quinones**
Special Process Server #394

**KNOPF INVESTIGATIONS, INC.,**
**PO BOX 560856**
**ROCKLEDGE, FL 32956**
**(321) 373-1245**

Our Job Serial Number: LDK-2021004939
Ref: 10939397

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1t

16-2021-CA-001000-XXXX-MA Div: CV-C

Filing # 121627871 E-Filed 02/19/2021 10:49:13 AM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

TANEKIA DURHAM,

     Plaintiff,

vs.

WAL-MART STORES EAST, LP,

     Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

     YOU ARE HEREBY COMMANDED to serve this Summons, a copy of the Complaint, Plaintiff's Notice of Service of Interrogatories to Defendant, Plaintiff's Interrogatories to Defendant, Plaintiff's Request for Production to Defendant, and Plaintiff's Request for Admissions to Defendant in the above-styled cause upon the Defendant:

**WAL-MART STORES EAST, LP**
**C/O ITS REGISTERED AGENT, C T CORPORATION SYSTEM**
**1200 SOUTH PINE ISLAND ROAD**
**PLANTATION, FL 33324**

     Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Plaintiff's attorney: **Sarah A. Foster, Esquire, Morgan & Morgan, P.A., 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202, Telephone: (904) 361-4442; Email: sarahfoster@forthepeople.com** within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 02/19/2021 10:57:35 AM

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904) 255-1695 or CRTINTRP@coj.net at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS my hand and the seal of this Court on _____ **Feb 19 2021** _____.

**JODY PHILLIPS**
Clerk of the Circuit Court

By _____
As Deputy Clerk

2

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**SARAH A. FOSTER, ESQUIRE**
**MORGAN & MORGAN, P.A.**
**76 SOUTH LAURA STREET, SUITE 1100**
**JACKSONVILLE, FL 32202**