UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TANEKIA DURHAM,

    Plaintiff,

vs.                                          Case No. 3:21-cv-325-MMH-JBT

WAL-MART STORES EAST, LP,
A foreign limited partnership

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction

pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On March 23, 2021, Defendant Wal-Mart Stores East, LP, (Wal-Mart) filed a notice of removal, seeking to remove this case from the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida. See generally Notice of Removal of Defendant Wal-Mart Stores East, LP (Doc. 2; Notice). In the Notice, Wal-Mart asserts that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship among the parties." See id. ¶ 3. However, upon review of the Notice and the attached Complaint (see Doc. 2-1 at 7–9; Underlying Complaint), the Court is unable to determine whether it has diversity jurisdiction over this action because Wal-Mart has not adequately plead the citizenship of the parties.[1] See Taylor v. Appleton, 30 F.3d, 1365, 1367 (11th Cir. 1994).

---

[1] The failure to adequately allege diversity jurisdiction in this case is certainly not unique. See Wilkins v. Stapleton, No. 6:17-cv-1342-Orl-37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017) ("Diversity jurisdiction appears to create the biggest pleading challenge for the Bar."). But, as aptly stated in Wilkins, the all-to-common "failure to demonstrate even a passing familiarity with the jurisdictional requirements of the federal courts results in a waste of judicial resources that cannot continue." Id. Indeed,

> [t]he U.S. District Court for the Middle District of Florida is one of the busiest district courts in the country and its limited resources are precious. Time spent screening cases for jurisdictional defects, issuing orders directing repair of deficiencies, then rescreening the amended filings and responses to show cause orders is time that could and should be devoted to the substantive work of the Court.

For a court to have diversity jurisdiction under 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. In the Notice, Wal-Mart alleges that "Plaintiff, Tanekia Durham, is a resident of Duval County, Florida." See id. ¶ 4.[2] However, to establish diversity jurisdiction in a case involving a natural person, a party must include allegations of the person's citizenship, not where he or she resides. Taylor, 30 F.3d at 1367. A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick, 293 F.3d at 1257-58 (quotation and citation omitted). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish citizenship for a natural person." Taylor, 30 F.3d at 1367; Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

Further, Wal-Mart fails to properly allege its own citizenship. See Notice ¶ 5. Specifically, Wal-Mart alleges that it "is a registered Limited Partnership in the State of Delaware and has its principal place of business in Bentonville,

---

Id. at *1 n.4. As such, before filing any future pleadings in federal court, counsel is strongly encouraged to review the applicable authority on federal subject matter jurisdiction. See id. at *1-2 (bulleting several "hints" on how to allege federal diversity jurisdiction properly).

[2] The Court notes that in the Complaint, Plaintiff alleges that "[a]t all times material hereto, including May 30, 2020, Plaintiff, Tanekia Durham was, and remains, a resident of Clay County, Florida." See Underlying Complaint ¶ 2 (emphasis added).

Arkansas, for purposes of 28 U.S.C. §§ 1332 and 1441." See id.  However, as the Eleventh Circuit has observed, "the Supreme Court has settled the law on how the citizenship for a limited partnership is determined for purposes of diversity jurisdiction." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 (11th Cir. 2004) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195–96 (1990)).  In this regard, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." Id.  Thus, Wal-Mart's allegations concerning its state of formation and the location of its principal place of business fail to apprise the Court of Wal-Mart's citizenship. See Notice ¶ 5. Likewise, Wal-Mart's failure to affirmatively list the citizenship of all of Wal-Mart's partners, limited and general, prevents the Court froonlym determining whether it truly has subject matter jurisdiction over this action. Rolling Greens MHP, L.P., 374 F.3d at 1021.  Therefore, the Notice fails to present allegations sufficient to establish that the parties are diverse from each other.

Without additional information regarding the citizenship of the parties to this action, the allegations presently before the Court are insufficient to invoke the Court's subject matter jurisdiction over this action.[3]  Accordingly, it is

---

[3] Notably, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit cases decided in 2017. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had

**ORDERED**:

Defendant Wal-Mart Stores East, LP shall have until **April 13, 2021**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on March 29, 2021.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc27
Copies to:
Counsel of Record
Pro Se Parties

---

not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").